**NATIONAL LABOR RELATIONS BOARD**

v.

**NELSON et al.**

No. 11157.

United States Court of Appeals, Third Circuit.

Argued Nov. 6, 1953.

Decided Nov. 19, 1953.

Margaret Farmer, Washington, D. C. (George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Assistant General

Counsel, Frederick U. Reel, Attorneys, National Labor Relations Board, Washington, D. C., on the brief), for petitioner.

Joseph A. Rubinstein, Pittsburgh, Pa. (Robert F. Stone, Pittsburgh, Pa., on the brief), for respondent.

Before MARIS, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

This is a petition by the National Labor Relations Board to enforce an order against the respondent. The Board found that the respondent had violated Section 8(a) (1) of the National Labor Relations Act, 29 U.S.C.A. § 158(a) (1), by threatening to close its plant if its employees were organized by the United Steel Workers of America, by threatening to discharge anyone seen talking to Carmella Mikluscak, the leader of the organization activity in the plant, and by granting substantial pay increases in order to discourage the employees from engaging in union activity; that the respondent had violated Section 8(a) (3) and (1) by laying off Carmella Mikluscak, Emma Voytenkoff, Stella Sopata and Ruth White Howell because of their union activities; that subsequent offers of reinstatement to Emma and Stella were not made in good faith; and that the respondent had violated Section 8(a) (2) and (1) by its formation, domination and support of a grievance committee of its employees. The Board ordered the respondent to cease and desist from discouraging membership in the United Steel Workers of America by discriminating in regard to the hire or tenure of employment of its employees; from recognizing the grievance committee as representative of its employees or from contributing support to it; and from interfering in any other manner with the exercise by its employees of their rights under the Act. Affirmatively the Board ordered the respondent to offer immediate and full reinstatement to Carmella and Ruth and to make whole Carmella, Ruth, Emma and Stella for any loss of pay each may have suffered by reason of the discrimination practiced against her; to withdraw recognition from and disestablish the grievance committee, and to post appropriate notices.

At the argument in this court the respondent's objections were directed to the Board's findings that the four women employees in question were laid off on May 9 and 10, 1951 because of their union activities and that offers made on July 11, 1951 to reinstate Emma and Stella were not in good faith. The testimony as to these matters was sharply conflicting and we cannot say upon a consideration of the evidence as a whole that the Board's findings lack substantial support. Upon the basis of those findings of discriminatory lay offs the order for reinstatement and reimbursement for loss of pay was clearly within the Board's discretionary power. The other portions of the order are equally supported by the evidence.

A decree will be entered enforcing the order of the Board.